THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEITH M. STAUB
Assistant United States Attorney
California Bar Number 137909
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7423
    Facsimile: (213) 894-7819
    E-mail: keith.staub@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BORIS LEVIN, | ) No. CV 07-4971 GPS (MANx) |
|     Plaintiff, | ) DEFENDANT'S NOTICE OF MOTION ) AND MOTION TO DISMISS |
|     v. | ) PLAINTIFF'S COMPLAINT; ) DECLARATIONS OF JANAKI |
| FBI, | ) RANGASWANY AND MICHAEL A. ) CANNON |
|     Defendant. | ) |
| | ) Date: May 5, 2008 ) Time: 1:30 p.m. ) Court: 7 |
| | ) Honorable George P. Schiavelli |

NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on May 5, 2008, at 1:30 p.m., or as soon thereafter as the parties may be heard, Defendant Federal Bureau of Investigation will bring for hearing a motion to dismiss Plaintiff's action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The hearing will take place before the Honorable George P. Schiavelli, United States District Judge, in Courtroom 7 of the U.S. Courthouse, 312 N. Spring Street, Los Angeles, California 90021.

Federal Defendant, by and through their undersigned counsel, respectfully moves this Court for an Order dismissing Plaintiff's Complaint because the Court lacks jurisdiction over Plaintiff's Complaint, and the Complaint fails to state a claim for which Plaintiff is entitled to relief.

This Motion is based on the Memorandum of Points and Authorities attached hereto, the declarations of Janaki Rangaswamy and Michael A. Cannon, the entire case file, and upon such other and further arguments, documents and grounds as may be advanced in the future.

Local Rule 7-3, does not apply in this case because plaintiff is in pro se.

Dated: _March 24, 2008.    Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division


_____/s/_____
KEITH M. STAUB
Assistant United States Attorney
Attorneys for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. <u>INTRODUCTION</u>

Plaintiff Boris Levin filed this action to compel defendant Federal Bureau of Investigation ("FBI") to complete his background check and schedule plaintiff for an interview in connection with his N-400 application for naturalization.[1] This Court lacks subject matter jurisdiction to compel the interview or to compel adjudication of the application before the interview and mandatory security checks have been completed. Plaintiff is not entitled to mandamus relief under 28 U.S.C. § 1361 because he cannot show that he has a clear right to immediate adjudication or that defendants have a clear, ministerial duty to act within a particular time frame. Likewise, plaintiff is not entitled to relief under the Administrative Procedures Act (APA) because the APA exempts from judicial review actions that are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Accordingly, defendants seek dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

II. <u>STATEMENT OF FACTS</u>

On August 9, 2006, plaintiff filed an N-400 application for naturalization. (Rangaswamy decl., ¶ 19.) U.S. Citizenship and Immigration Services (USCIS) has not interviewed plaintiff in connection with his N-400 application. (Rangaswamy decl., ¶ 19.) In addition, his FBI name check is still pending. (Cannon decl., ¶ 45.)

---

[1] The FBI is the only defendant. U.S. Citizenship and Immigration Services (USCIS) is not a defendant. The FBI is not responsible for adjudicating naturalization applications and therefore cannot be compelled to do so in this instance.

1

III.   THE NATURALIZATION PROCESS

The naturalization process begins when the applicant files a Form N-400, "Application for Naturalization." 8 U.S.C. § 1445(a); 8 C.F.R. § 334.2.  USCIS must then conduct a background investigation of the applicant.  8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.  At a minimum, the background investigation includes "a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application."  8 C.F.R. § 335.1.

Typically, following the conclusion of the background check, the applicant is interviewed by USCIS.  8 U.S.C. § 1446(b); 8 C.F.R. § 335.2.  The applicant is tested to determine if the applicant has the required level of English proficiency and knowledge of the history and government of the United States. 8 U.S.C. § 1423(a); 8 C.F.R. § 312.1; 8 C.F.R. § 312.2.  The interview by USCIS can only occur after CIS receives from the FBI a "definitive response" that a full criminal background check of the applicant has been completed.  8 C.F.R. § 335.2.  Ultimately, USCIS is authorized to make a determination to grant or deny the application.  8 U.S.C. § 1446(d); 8 C.F.R. § 335.3.

Significantly, the statute does not set forth any time frame in which a determination must be made on an application to adjust status.  Nor is any time frame specified in the regulations setting forth the procedures for aliens to apply to adjust status. See 8 C.F.R. § 245 et. seq.  The only time frame set forth is that the determination must be made before the end of

the 120 day period after the date on which the examination is conducted, and if it is not, then the application can petitioner the Court, and the Court would have jurisdiction over the application.[2]

## IV. ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction to Grant Plaintiff's Request for Mandamus Under 28 U.S.C. § 1361 Compelling An Interview or Adjudication

The Court lacks jurisdiction to grant plaintiff's request for mandamus under 28 U.S.C. § 1361.  Plaintiff has no clear right to an interview, especially while the FBI name check is pending, nor a clear right to immediate adjudication of his application, and defendant has no clear duty to provide it.

Plaintiff has the burden of establishing jurisdiction to compel an interview, or adjudication of his application.  See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Courts have consistently recognized that "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).  A district court may issue a writ of mandamus under 1361 "only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from

---

[2] Defendants do not concede that CIS's conducting of a naturalization interview is sufficient to satisfy the "examination" condition of 8 U.S.C. § 1447(b).  However, conducting the naturalization interview is necessary:  subject matter jurisdiction under § 1447(b) cannot be met when a naturalization interview has not been conducted.  See United States v. Hovsepian, 359 F.3d 1144, 1151-2, 1161 (9th Cir. 2004).

3

1  doubt'; and (3) no other adequate remedy is available." <u>Barron</u>
2  <u>v. Reich</u>, 13 F.3d 1370, 1374 (9th Cir. 1994)(quoting <u>Fallini v.</u>
3  <u>Hodel</u>, 783 F.2d 1343, 1345 (9th Cir. 1986).  <u>See</u> <u>also</u> <u>Pittston</u>
4  <u>Coal Groul v. Sebben</u>, 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.
5  Ed. 2d 408 (1988)(Mandamus relief against officers and employees
6  of the United States is available only when the defendant
7  official or agency owes a specific duty to the plaintiff, which
8  is plainly defined, non-discretionary, free from doubt, and
9  "purely ministerial.").
10     Mandamus can not be used to compel or control a duty which
11 by law is given discretion. <u>See</u> <u>Nova Stylings Inc. v. Ladd</u>, 695
12 F.2d 1179, 1180 (9th Cir. 1983).  Nor does mandamus lie to review
13 the discretionary acts of government officials. <u>Id.</u> at 816.
14 "'[M]andamus is an inappropriate remedy with regard' to
15 non-consular officials, whose duties were discretionary." <u>Luo v.</u>
16 <u>Coultice</u>, 178 F. Supp. 2d 1135, 1139-40 (C.D. Cal. 2001) (quoting
17 <u>Patel v. Reno</u>, 134 F.3d 929, 933 (9th Cir. 1997)(as amended)).
18 Mandamus may not be used to instruct an official how to exercise
19 discretion. <u>Wilmor v. Boyle</u>, 403 F.2d 811, 816 (9th Cir. 1968).
20     Here, plaintiff's right to an immediate interview is not
21 "clear or certain" and defendant's actions are discretionary
22 rather than ministerial.  In fact, under the framework of the
23 statute the interview should take place after the FBI name check
24 is completed.  If it takes place before the completion of the
25 background checks, it may be considered to trigger the 120 time
26 period, and thereafter, plaintiff may file a petition in the
27 District Court and seek a hearing on his application
28 notwithstanding that the background checks were not complete and

4

1 a decision should not be made at that time.

2   The decision whether to grant or deny plaintiff's naturalization application is plainly committed to the discretion of the Attorney General by statute.  See 8 U.S.C. § 1255(a)(an alien's status "*may* be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe." (emphasis added)); see also Elkins V. Moreno, 435 U.S. 647, 667 (1978)("Adjustment of status is a matter of grace, not right.")

9   Plaintiff has not cited to any statute or regulations which provide a mandatory time frame for the adjudication of N-400 applications; as mentioned, the only time frame applies after the interview.  Consequently, CIS has no clear, mandatory duty to interview plaintiff, or to adjudicate plaintiff's application at any particular time or, in effect, to give preferential treatment to plaintiff's application by processing it out of the order in which it was received.  Broad discretion is necessary to permit the agency to adjudicate applications only after conducting critical security and background checks and resolving any concerns that may arise from them.  Broad discretion is consistent with the well-established proposition that judicial review in immigration matters is narrowly circumscribed, see Reno v. Flores, 507 U.S. 292 (1993), and that control over immigration is largely entrusted to the political branches of the government, see United States v. Valenzuela-Bernal, 458 U.S. 858, 864 (1982); Mathews v. Diaz, 426 U.S. 67, 81 (1976) ("Since decisions in these matters may implicate our relations with foreign powers, and since a wide variety of classifications must be defined in the light of changing political and economic circumstances, such

5

decisions are frequently of a character more appropriate to either the Legislature or the Executive than to the Judiciary.").

Given the large volume of petitions and applications requiring adjudication, the extensive background check that is required for national security and public safety, and the limited resources available to it, CIS is proceeding in an orderly fashion with adjudication of applications for adjustment of status in the order they are received. CIS has begun its adjudicative process on plaintiff's application and initiated a background check by the FBI. (Rangaswamy decl., ¶ 19.) Plaintiff has not established that the failure to complete the background checks prior to scheduling plaintiff for an interview is arbitrary or unreasonable. In fact, since Congress only placed a time limit following the interview, Congress implicitly gave CIS discretion to conduct the necessary background checks without any time limitation.

Finally, the granting of a writ of mandamus to compel the processing of routine immigrant applications out of order would have several negative repercussions. First, it would unfairly favor applicants with the means to hire an attorney and file federal mandamus actions. Applicants without the resources to bring such actions would suffer further delays in the processing of their applications, because other later-filed applications would be given court-mandated preferential treatment.

Second, allowing immigration applicants to use mandamus to "cut in line," would open the floodgates for immigration-related mandamus actions. The use of mandamus in immigration matters would shorten the delay for some, only to lengthen it for others.

6

An equitable solution to the processing delays lies not with the Judicial branch, but with the Executive and Legislative branches of government, for only these branches of government can properly address the budget and staffing issues that have caused the delays to occur.

Plaintiff would have the Court order CIS to "immediately" interview plaintiff, notwithstanding the need for critical background inquiries. Because plaintiff has no clear right to immediate adjudication and defendant's duty is purely discretionary, the extraordinary relief provided by mandamus is not warranted here. Accordingly, the Court should dismiss the Complaint for writ of mandamus for lack of jurisdiction and/or failure to state a claim. See Pittston Coal Group v. Sebben, 488 U.S. at 121; Nova Stylings, Inc. v. Ladd, 695 F.2d at 1180.

B. **The APA Precludes This Court From Reviewing Plaintiff's Claim Because it Concerns Action that is Committed to Agency Discretion**

Plaintiff also alleges that CIS violated the APA by failing to conduct the interview within a reasonable time. However, the APA's judicial review provisions do not provide an independent basis for subject matter jurisdiction. Califano v. Sanders, 430 U.S. 99, 107 (1977). Furthermore, judicial review under the APA is specifically precluded where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); Brock v. Pierce County, 476 U.S. 253, 260 n.7 (1986). "Agency action," as defined under the APA, also includes a "failure to act." 5 U.S.C. § 551(13).

That discretion precludes judicial review of both the ultimate decision *and* the process by which the decision is

7

1  reached.  In <u>Heckler v. Chaney</u>, 470 U.S. 821 (1985), the Supreme
2  Court interpreted 5 U.S.C. § 701(a)(2) to mean that "review is
3  not to be had if the statute is drawn so that the court would
4  have no meaningful standard against which to judge the agency's
5  exercise of discretion." <u>Id.</u> at 830.  As the Court went on to
6  explain, "if no judicially manageable standards are available for
7  judging how and when an agency should exercise its discretion,
8  then it is impossible to evaluate agency action for 'abuse of
9  discretion.'" <u>Id.</u> (emphasis added).
10       Under the statutory scheme, the interview should be
11  conducted after the completion of the vital FBI background check,
12  followed by the adjudication of the application, which is
13  expressly committed to agency discretion.  Moreover, no statutory
14  or regulatory provisions provide a "meaningful standard" against
15  which to measure the time it takes the FBI to complete a
16  background check, and therefore the time it takes CIS to process
17  an N-400 application.  <u>Heckler</u>, 470 U.S. 821.  Consequently,
18  there is no standard against which the Court can measure whether
19  the Agency has acted "within a reasonable time," 5 U.S.C. §
20  555(b), or "unreasonably delayed" adjudication, 5 U.S.C. §
21  706(1), until after the background checks are completed and CIS
22  conducts the interview.  See <u>INS v. Miranda</u>, 459 U.S. 14, 18-19
23  (1982)(the passage of time cannot, standing alone, support a
24  claim of unreasonable delay).
25       Without any mandatory time frame, in order to determine that
26  CIS has "unreasonably delayed" adjudication of Plaintiff's
27  application, this Court would have to create a temporal standard
28  from thin air.  This is a perilous task given the national

8

security considerations that affect CIS's adjudicative process. See Heckler, 470 U.S. at 831-82 (noting that "[t]he agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities").

The Court should find that 8 U.S.C. § 701(a)(2) precludes review of the agency's adjudicative process because it is committed to agency discretion by law. Accordingly, the Court should dismiss the Complaint for lack of jurisdiction and/or failure to state a claim.

## V. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's action.

Dated: _March 24, 2008.          Respectfully submitted,

                                 THOMAS P. O'BRIEN
                                 United States Attorney
                                 LEON W. WEIDMAN
                                 Assistant United States Attorney
                                 Chief, Civil Division


                                 ___/s/_____
                                 KEITH M. STAUB
                                 Assistant United States Attorney
                                 Attorneys for Defendants

**PROOF OF SERVICE BY MAILING**

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On March 25, 2008, I served **Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Complaint; Declaration of Janaki Rangaswany and Michael A. Cannon** on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: March 25, 2008. Place of mailing: Los Angeles, California.

Person(s) and/or Entity(s) to Whom mailed:

**Boris Levin**
10773 Rock Rose Place
Moreno Valley, CA 92557

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: March 25, 2008 at Los Angeles, California.

           /s/
       ZENAIDA A. ROSACIA